936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
George E. CHATFIELD, Plaintiff-Appellant,
v.
Joseph P. LEWIS, Nolan L. Brown, Telfer Woodhouse Norman,
Susan Roberts, Dan B. Fahrney, Janis E. Chapman, Steven
Henry Devito, Thomas Van Cleave, III, Peter Shild, Laurin A.
Garner, Michael C. Villano, Defendants-Appellees.
 No. 90-1381.
 United States Court of Appeals, Tenth Circuit.
 June 13, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Chatfield appeals from the district court's dismissal with prejudice of his 42 U.S.C. Sec. 1983 civil rights complaint. Mr. Chatfield alleges that the trial judge and the district attorney involved in his conviction conspired to enslave him in violation of the Thirteenth Amendment and to deny him due process in violation of the Fourteenth Amendment.
 
 
 3
 Mr. Chatfield's suit is frivolous. The trial judge and district attorney are absolutely immune from civil suit when acting in their official capacities. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). He has advanced no facts nor plausible arguments to demonstrate that either of the defendants were acting outside of their official capacity or in the clear absence of all jurisdiction.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3